# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

**LETTER OPINION**
**NOT FOR PUBLICATION**

June 5, 2008

Robert Edward Beers
108 Leigh Street
Clinton, NJ 08809
    (*Attorney for Plaintiffs*)

Francis X. Riley, III
Saul Ewing LLP
750 College Road East, Suite 100
Princeton, NJ 08540-6617
    (*Attorney for Defendants Chevy Chase*
    *Bank, F.S.B. and B.F. Saul II*)

    **RE:**   **Busse v. Homebank, LLC, et al.**
           **Civ. No. 07-3495 (WJM)**

Dear Counsel:

    In a three-count complaint, Plaintiffs Laura and Richard Busse allege that they were defrauded into signing an adjustable-rate mortgage and were deceived as to its true terms.  In late 2007, Plaintiffs voluntarily dismissed defendant Homebank, LLC (an entity which had been dissolved), and filed an Amended Complaint solely to correct the caption.  Earlier this year, defendant Kimberly Olmstead was also voluntarily dismissed without prejudice, by stipulation.  The only defendants remaining are Chevy Chase Bank, which served as the mortgage lender, and B.F. Saul II (improperly pleaded as "B.F. Saul"), who is alleged to be the CEO of Chevy Chase Bank.

Saul and Chevy Chase Bank have filed a motion to dismiss the Amended Complaint (hereinafter, "the Complaint"). Plaintiffs oppose the motion. The Court adjudicates this matter on the papers. Fed. R. Civ. P. 78. For the reasons discussed below, the motion to dismiss is **GRANTED**, with leave to amend.

## Background

The following facts are taken directly from Plaintiffs' Complaint. In March 2005, Laura Busse heard a commercial on a New York City radio station offering mortgage refinancing at 1.5% interest. She called the number and spoke with Vince Seneri, a representative of Homebank, LLC. Seneri told Laura that there was a government program for people with excellent credit, which involved a low introductory interest rate the first year, after which the payments went up slowly and incrementally for the next five years. After taking some information from Laura, Seneri checked the Busses' credit and called Laura back to tell her that she and her husband qualified for the program. He gave her a schedule of what the interest rates and payments would be for the next five years — 1% for the first year, then 4.7% for the four years after that.

Relying upon the representations of Seneri and nearly identical 5-year payment schedules provided on a Truth In Lending ("TIL") Disclosure Statement from Chevy Chase Bank, Plaintiffs closed on the mortgage. After one month at 1%, the interest rate went up to 6.25%, and continued to rise until it stood at 8.25% by the beginning of the second year. Plaintiffs allege that the resulting negative amortization added over $11,000 to the principal amount of the mortgage.

The Complaint states three counts against Chevy Chase Bank and Saul. Count One alleges that Chevy Chase Bank fraudulently induced Plaintiffs to enter into the mortgage by misrepresenting the true nature of the loan. Count Two alleges that Saul, as CEO of Chevy Chase Bank, knew or should have known of the fraud the bank was practicing, and should be held liable. Count Three alleges that Chevy Chase Bank and Saul conspired to violate the New Jersey Consumer Fraud Act. Plaintiffs demand compensatory damages of $155,083 and punitive damages of $465,249.

Defendants Saul and Chevy Chase Bank have moved to dismiss the Complaint in its entirety. Defendants argue that the Complaint should be dismissed as against Saul (1) pursuant to Fed. R. Civ. P. 12(b)(2), because the Court lacks personal jurisdiction over Saul, and (2) pursuant to Fed. R. Civ. P. 12(b)(6), because the Complaint fails to state a claim against Saul. Defendants contend that the Complaint should be dismissed as to Chevy Chase Bank (1) pursuant to Fed. R. Civ. P. 12(b)(6), because it fails to identify a false statement which could support its fraud claims, and (2) pursuant to Fed. R. Civ. P.

9(b) for failure to plead fraud with particularity.  Plaintiffs oppose the motion.[1]

## Discussion

I.     **Standard of Review**

In deciding a motion to dismiss under Rule 12, the Court must accept all allegations in the complaint as true and consider the allegations in the light most favorable to the plaintiff.  *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).  On such a motion, the court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears that no relief could be granted "under any set of facts that could be proved consistent with the allegations," a court may dismiss a complaint pursuant to Rule 12(b)(6) for failure to state a claim.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level.  *See id*. at 1965.  Furthermore, although a court must view the allegations as true in a motion to dismiss, it is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations."  *Baraka v. McGreevey*, 481 F. 3d 187, 211 (3d Cir. 2007).

---

[1] As part of his opposition to the instant motion, Plaintiffs' counsel submitted a declaration attaching affidavits from Plaintiff Laura Busse and John Busse, Plaintiffs'16-year-old son.  John Busse's affidavit describes how he vividly remembers his mother crying when she discovered the family had been "ripped off," and how the family's money worries have escalated since then.  Counsel's declaration describes how Laura Busse cried upon reading her son's affidavit.  Laura Busse's affidavit adds certain facts not pleaded in the Complaint regarding her conversations with Seneri, her discovery of the fraud and her efforts to remedy the situation.  Defendants urge the Court to ignore these submissions, arguing that they are both improper and irrelevant to the instant motion.  The Court agrees.  Accordingly, the Court has disregarded counsel's declaration and the attached affidavits.

Rule 9(b) provides that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." A plaintiff may satisfy this requirement by pleading the date, time or place of the fraud, or through "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 2004).

## II.   The Motion to Dismiss

### A.   Claims Against B.F. Saul II

In Count Two of the Complaint, Plaintiffs allege that B.F. Saul, as CEO of Chevy Chase Bank, knew or should have known of the fraud the bank was practicing, and should be held liable. In Count Three, Plaintiffs allege in a conclusory fashion that Saul and Chevy Chase Bank conspired to violate the New Jersey Consumer Fraud Act.

Defendants contend that the Complaint fails to set forth any basis for personal liability on the part of Saul.[2] Defendants note that aside from naming Saul as the CEO of Chevy Chase Bank, the Complaint is devoid of any allegation that Saul participated in the charged fraud.

"A corporate officer is individually liable for the torts he personally commits and cannot shield himself behind a corporation when he is an actual participant in the tort." *Donsco, Inc. v. Casper Corp.*, 587 F.2d 602, 606 (3d Cir. 1978). Nonetheless, the officer's participation in the wrongful acts is a crucial predicate to the officer's liability. *Id. See also Sunset Fin. Res., Inc. v. Redevelopment Group V, LLC*, Nos. 05-2914 and 05-2915, 2006 U.S. Dist. LEXIS 90248, at **10-18 (D.N.J. Dec. 12, 2006).

The Court agrees with Defendants that the Complaint fails to set forth any basis for Saul's personal liability. The Complaint contains no allegation that Saul made any statements, played any role in the fraud, took any action related to the fraud, or had any contact with Plaintiffs. The mere allegation that as CEO, Saul "managed and controlled" Chevy Chase Bank is insufficient to establish a basis to hold Saul personally liable for the frauds charged in this Complaint.

Defendants' motion is therefore **GRANTED**, and all claims against Saul are dismissed from the action pursuant to Rule 12(b)(6).

---

[2] Because the Court will dismiss Saul from the action on this basis, the Court does not reach Defendants' arguments regarding personal jurisdiction.

### B. Claims Against Chevy Chase Bank

With regard to Chevy Chase Bank (hereinafter "the Bank"), Defendants contend that the Complaint fails to state a claim for either common law fraud or consumer fraud because it fails to identify a false statement made by the Bank. Defendants also contend that Plaintiffs have failed to plead fraud with particularity as required by Rule 9(b).

As to any false statements attributable to the Bank, the Complaint does allege that in entering into the loan, Plaintiffs relied upon 5-year schedules of monthly payments issued by the Bank. It appears that the Complaint is referring to the schedules included in the TIL Disclosure Statements and the TIL Worksheet, but the Complaint fails to specify which schedules it refers to or what those schedules stated. The Complaint also fails to either explain or provide sufficient factual context to demonstrate why those statements were false or misleading.

Plaintiffs also allege that they were misled by Seneri — who is not named as a defendant — into believing that the loan's interest rate would be 1% for the first year. The Complaint points to no statements attributable to the Bank which would support that belief, other than alleging that "the annual interest rate in the promissory note was stated to be 1%." Once again, however, it is not clear from the Complaint why this statement was false or misleading. The Note indeed states that Plaintiffs "will pay interest at the yearly rate of 1.000 %." Immediately adjacent to that statement, however, is the language "[t]he interest rate I will pay may change," and just beneath that is more specific language indicating that "[t]he interest rate I will pay may change on the first day of June, 2005 and on that day of every month thereafter."[3] Given this context, it is unclear from the Complaint what Plaintiffs intend to allege was false or fraudulent about the Bank's statements.[4]

---

[3] This Court offers no opinion, at this stage, as to the adequacy of the Note's disclosures in this area. The Court merely concludes that as to the Bank, the Complaint fails to plead the circumstances of fraud with the particularity required by Rule 9(b).

[4] Plaintiffs attempt to align themselves with the class action plaintiffs in *Andrews v. Chevy Chase Bank*, No. 05-0454, 2007 U.S. Dist. LEXIS 3162 (E.D. Wis. Jan. 16, 2007), a decision in the Eastern District of Wisconsin involving the same defendant as this case and similar — but not identical — mortgage papers and TIL Disclosure Statements. The *Andrews* plaintiffs brought claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the court, in a detailed analysis, found several TILA violations in the disclosures provided to the plaintiffs in that case. The language in the Note, the TIL Disclosure Statements and the TIL Worksheet in this case resembles in many respects the problematic language in *Andrews*. However, Plaintiffs here have not

    For the foregoing reasons, the Complaint as pleaded fails to state the circumstances constituting fraud with the precision and substantiation necessary to place the Bank on notice as to the precise misconduct with which it is charged. *Seville*, 742 F.2d at 791. Therefore, Plaintiffs' Complaint is dismissed pursuant to Rule 9(b).

### Conclusion

    For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**. The Complaint is **DISMISSED WITHOUT PREJUDICE** to the filing of a Second Amended Complaint, correcting the deficiencies identified herein, within sixty (60) days of this opinion.

                                                                                    s/William J. Martini  
                                                                                     **William J. Martini, U.S.D.J.**

---

brought a claim under TILA. If Plaintiffs do intend to bring a TILA claim, or if Plaintiffs' fraud claims are based on TILA violations, any amended complaint must indicate as much with the required degree of specificity.